IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ELENA R. CLARK,**
  **Plaintiff,**

vs.           **CASE NO.: 5:05cv25/LAC/MD**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**
  **Defendant.**
_____

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's petition for attorney's fees under the Equal Access to Justice Act (EAJA)(doc. 20). The plaintiff seeks an award of fees in the amount of $2,212.50. The defendant has filed a response indicating that she has no objection to the payment of fees in that amount (doc. 21).

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within 30 days of the final judgment in the action, 3) the position of the government is not substantially justified, and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(I)(A), (B).

In *Shalala v. Schaefer*, 509 U.S. 292, 113 S.Ct. 2625, 124 L.Ed.2d 239 (1993) the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party," and as such was entitled to attorney fees and expenses under the EAJA. Here, the court reversed the decision of the Commissioner under sentence four. The application was filed timely, and the Commissioner's position was not substantially justified. Defendant has no objection to plaintiff's petition for attorney's fees (doc. 21). Accordingly, plaintiff is clearly entitled to fees.[1]

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states as follows:

> . . . (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

The plaintiff's attorney seeks compensation for 15.7 attorney hours at $125.00 per hour and 5.0 paralegal hours at $50.00 per hour spent representing plaintiff in court-related proceedings. Defendant has not contested the award of attorney's fees of $2,212.50.

Accordingly, it is RECOMMENDED as follows:

1. That plaintiff's petition for attorney's fees (doc. 20) be granted as set forth below.

2. That plaintiff's counsel, David E. Evans, Esquire, is entitled to recover a reasonable fee for representing plaintiff before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA); attorney fees

---

[1] Plaintiff's counsel has not listed any expenses.

*Case No: 5:05cv25/LAC/MD*

under the EAJA in the amount of $2,212.50 are reasonable; and the Commissioner be directed to pay counsel that amount.

At Pensacola, Florida this 20th day of December, 2005.


/s/ *Miles Davis*
       **MILES DAVIS**
       **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636;** ***United States v. Roberts***, **858 F.2d 698, 701 (11th Cir. 1988).**